```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ORECK CORPORATION              *        CIVIL ACTION

VERSUS                         *        NO: 07-0587

INTERNATIONAL BUSINESS         *        SECTION: "D"(5)
MACHINES CORPORATION
```

### ORDER AND REASONS

Before the court is the **"Motion to Dismiss Certain Claims"** filed by Defendant, International Business Machines Corporation (IBM). Plaintiff, Oreck Corporation, filed a memorandum in opposition. The motion, set for hearing on Wednesday, May 9, 2007, is before the court on briefs, without oral argument.

### I.  Background

From January 2005 to May 2005, Oreck had discussions with IBM to manage and host Oreck's "mySAP Business Suite" software. IBM allegedly represented to Oreck that "it would be able to size the project; run Oreck's mySAP software; and anticipate, address, and resolve problems related to Oreck's SAP implementation." (First Amended Complaint at ¶5). On May 19, 2005, Oreck and IBM entered into a contract entitled "e-Business Hosting Statement of Work"

(SOW), which "provided for a five-year hosting agreement in which IBM agreed to source, deploy, manage, and monitor 20 servers for Oreck." (*Id*. at ¶¶18-19). Thereafter, Oreck allegedly realized that IBM had misrepresented the amount of equipment and services necessary for running Oreck's SAP software, both in the negotiations leading up to the execution of the SOW and after the SOW went into effect. IBM allegedly sold Oreck more hardware and services than it needed, and IBM allegedly began billing Oreck monthly service charges before IBM was contractually authorized to do so.

On February 2, 2007, Oreck filed its original Complaint against IBM, and on May 2, 2007, Oreck filed its First Amended Complaint, asserting the following claims: breach of contract (i.e., breach of the SOW); breach of fiduciary duty; negligent and/or intentional misrepresentation of the amount of hardware and services necessary to meet Oreck's objectives; detrimental reliance; and unfair and deceptive trade practices under LSA-R.S. 51:1401 *et seq.* and Section 349 of the New York General Business law. (*See* First Amended Complaint, Doc. No. 13).

In the instant motion, IBM seeks to dismiss all of Oreck's claims (except for the breach of fiduciary duty claim) for failure to state a claim upon which relief may be granted. IBM argues that Oreck has failed to allege essential elements of the claims for

breach of contract, negligent and/or intentional misrepresentation, detrimental reliance, and violation of Louisiana's Unfair Trade Practices and Consumer Protection Act, LSA-R.S. 51:1401 *et seq*. and New York's Consumer Protection Act, N.Y. Gen. Bus. Law §§349 *et seq*.  IBM attached to its motion a copy of the SOW (Exhibit 1).

## II.  Legal Analysis

Having reviewed Oreck's First Amended Complaint and the SOW Agreement, and having considered the parties' respective memoranda and the applicable law, the court finds that IBM's Motion to Dismiss should be denied.  Nothing herein should be construed as an indication of how the court would rule if presented with a properly supported motion for summary judgment after sufficient time for discovery has been afforded.  Accordingly;

**IT IS ORDERED** that IBM's **"Motion to Dismiss Certain Claims"** be and is hereby **DENIED.**

New Orleans, Louisiana, this **17th** day of **May**, **2007**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE